## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC.,<br>425 Third Street SW, Suite 800<br>Washington, DC 20024,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530-0001,<br><br>　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)　　Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of

Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").

As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.　　　　The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B)

and 28 U.S.C. § 1331.

2.　　　　Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3.　　　　Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization

incorporated under the laws of the District of Columbia and headquartered at 425 Third Street

SW, Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency, accountability,

and integrity in government and fidelity to the rule of law.  As part of its mission, Plaintiff

regularly requests records from federal agencies pursuant to FOIA.  Plaintiff analyzes the

responses and disseminates its findings and the requested records to the American public to

inform them about "what their government is up to."

4.      Defendant U.S. Department of Justice is an agency of the United States

Government.  Defendant has possession, custody, and control of records to which Plaintiff seeks

access.  Defendant is headquartered at U.S. Department of Justice, 950 Pennsylvania Avenue

NW, Washington, DC 20530-0001.

## STATEMENT OF FACTS

5.      On June 1, 2011 Plaintiff submitted a FOIA request to the Federal Bureau of

Investigation ("FBI"), a component of Defendant, seeking the following:

     i.     Records of any and all FBI interviews with Barack Obama
concerning or relating to Rod Blagojevich, including but not
limited to notes, summaries, and recordings of the interview.

     ii.    Records of any and all FBI interviews with Rahm Emanuel
concerning or relating to Rod Blagojevich, including but not
limited to notes, summaries, and recordings of the interview.

     iii.   Records of any and all FBI interviews with Valerie Jarrett
concerning or relating to Rod Blagojevich, including but not
limited to notes, summaries, and recordings of the interview.

     iv.   All records concerning or relating to any of the aforementioned
interviews with Barack Obama, Rahm Emanuel, or Valerie Jarrett.

The timeframe of the request was identified as "December 1, 2008 to January 1, 2009."  The

request was submitted via facsimile and certified mail.

6.      By letter dated June 18, 2012, the FBI confirmed the existence of the requested

records, but denied the request, asserting that the records were located in an investigative file and

were exempt from disclosure under FOIA Exemption 7(A).  The letter, signed by

Record/Information Dissemination Section Chief David M. Hardy stated, "I have determined

that the records responsive to your request are law enforcement records; that there is a pending or

prospective law enforcement proceeding relevant to these requests; and that the release of the information contained in these responsive records could reasonably be expected to interfere with the enforcement proceedings." The letter also noted that the request had been designated FOIPA Request No.: 1190616-000.

7. On August 16, 2012, Plaintiff filed a timely administrative appeal of the denial of its request at the Office of Information Policy, U.S. Department of Justice ("OIP").

8. By letter dated August 31, 2012, OIP acknowledged receiving Plaintiff's administrative appeal on August 17, 2012 and noted that the appeal had been designated AP-2012-03195.

9. By letter dated January 23, 2013, OIP affirmed the FBI's denial of the request, asserting, "The FBI properly withheld this information in full because it is protected from disclosure under the FOIA pursuant to 5 U.S.C. § 552(b)(7)(A). This provision concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to interfere with enforcement proceedings."

10. On information and belief, the "enforcement proceedings" to which the requested records related when Plaintiff's request was denied was the then-ongoing criminal prosecution of former Illinois Governor Rod Blagojevich in the United States District Court for the Northern District of Illinois, *United States v. Blagojevich*, 1:08-cr-00888 (N.D. Ill.). Over the course of two trials, Blagojevich was convicted of a total of eighteen separate criminal offences in August 2010 and July 2011. He appealed his convictions to the U.S. Court of Appeals for the Seventh Circuit, *United States v. Blagojevich*, No. 11-3853 (7th Cir.), which, on July 21, 2015, overturned five of the convictions and affirmed the remainder. On March 28, 2016, the U.S. Supreme Court denied Blagojevich's petition for writ of certiorari seeking to challenge the

remainder of his convictions, *Blagojevich v. United States*, 15-664 (U.S.).  Accordingly, the "enforcement proceedings" to which the requested records relate have now ended.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

11.     Plaintiff realleges paragraphs 1 through 10 as if fully stated herein.

12.     Defendant is violating FOIA by failing to produce all records responsive to Plaintiff's request or demonstrate that the requested records are lawfully exempt from production.

13.     Plaintiff is being irreparably harmed by reason of Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with FOIA.

14.     Plaintiff has exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to demonstrate that it employed search methods reasonably calculated to uncover all records responsive to the request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  March 28, 2016

Respectfully submitted,

/s/ Paul J. Orfanedes
Paul J. Orfanedes
D.C. Bar No. 429716
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
(202) 646-5172

*Counsel for Plaintiff*